UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELIZABETH PEMPEK, ON BEHALF OF HERSELF AND ALL OTHER PERSONS SIMILARLY SITUATED, KNOWN AND UNKNOWN,<br><br>Plaintiff,<br><br>v.<br><br>HERCULES FORWARDING, INC, and MELANIE BURNHAM, individually,<br><br>Defendant. | Civil Action No.: 1:22-cv-04760<br><br>Hon. Franklin U. Valderrama |

## JOINT STATUS REPORT

NOW COME the above-named parties, by and through their respective counsel, who submit the following Joint Status Report.

**Next Status Conference:** No date is set this report is submitted pursuant to September 7, 2022 Order.

 I. **Nature of the Case:**
 A. **Attorneys of Record:**

Plaintiff:
Alexander Nicholas Loftus, Esq.
Gail Eisenberg, Esq.
Loftus & Eisenberg, Ltd.
161 N. Clark, Suite 1600
Chicago, Illinois 60606

Defendant:
Julia Pearce Argentieri, Esq.
Derek Scott Franklin, Esq.
Jackson Lewis P.C.
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601

1

**B.     Jurisdiction:**

Jurisdiction is proper in this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and supplemental jurisdiction 28 U.S.C. § 1367.

**C.     Nature of Claims:**

Plaintiff alleges claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq., and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, et seq. based on Defendants' alleged failure to pay overtime wages to Plaintiff and other hourly current and former employees. Plaintiff alleges that, during one or more individual workweeks during the prior three years, Plaintiff and other similarly situated employees worked for Defendants in excess of forty (40) hours per week but were not paid overtime at a rate of one and one-half times their regular rates of pay.

Plaintiff also brings claims under the Biometric Information Privacy Act ("BIPA") for the alleged unauthorized collection and retention of Plaintiff's and similarly situated employees' biometric information. Defendants generally deny Plaintiff's material allegations.

**D.     Legal and Factual Issues:**

(1) Whether this matter should be designated as a collective action;
(2) Whether Plaintiff's claims for violation of Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2) were released by *Urbanski v. Hercules Forwarding*, Case No. 20-cv-3926,
(3) Whether the Motor Carrier Exemption contained in Section 13(b)(1) of the FLSA applies;
(4) Whether Plaintiff's termination was retaliatory in response to a complaint about wages practices or if Hercules terminated Plaintiff due to unprofessional behavior

**E.     Plaintiff's Claimed Damages:**

To be determined.

**II.     Discovery and Pending Motions**

A. Briefly describe all pending motions, including the date the motion was filed and the briefing schedule, if any. Have any of the pending motions been mooted? Do any of the pending motions no longer require a ruling for any other reason?

None.

    B. Is this case in the "Mandatory Initial Discovery Pilot" (MIDP) Project? If the case is subject to MIDP, the parties should be prepared to report on the status of compliance with the MIDP and any upcoming MIDP deadlines.

No.

    C. What is the current discovery schedule?

None is set.

    D. Briefly describe all fact and expert discovery that the parties have conducted, including any electronic discovery, and state whether discovery has been bifurcated. Describe any discovery that the parties still need to complete. Do the parties anticipate that they will complete discovery by the current deadline?

No discovery has been conducted. The parties anticipate written discovery and less than ten depositions. Expert discovery may be necessary as to damages.

    E. Briefly summarize all substantive rulings issued in the case. (For each ruling, include the date and the docket number.)

None.

    F. Briefly describe any anticipated motions.

Plaintiff: Motion to Strike Affirmative Defenses, Motion for Conditional Certification of the FLSA Collective Action, Motion for Class Certification.

Defendants: Motion for Summary Judgment.

    **III.   Trial**

    **A. Have any of the parties demanded a jury trial?**

Yes.

    **B. What is the trial date (if any)? If there is no trial date, when will the parties be ready for trial?**

There is no trial date. The case is recently filed. The parties will likely be ready for trial in the fall of 2024.

    **C. Have the parties filed a final pretrial order? If so, when? If not, when is the deadline for the filing?**

No. There is no deadline set.

    **D. Estimate the length of trial.**

Two weeks.

    **IV.**     **Settlement, Referrals, and Consent**

    A. Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do not provide any particulars of any demands or offers that have been made.)

No settlement discussions have taken place since filing of the representative action.

    B. Has this case been referred to the Magistrate Judge for discovery supervision and/or a settlement conference?

No.

    C. Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?

Yes.

    D. Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.

The parties do not consent to proceed before a Magistrate Judge.

Dated: November 20, 2022            Respectfully submitted,

                                                     /s/*Alexander N. Loftus*_____
                                                     Alexander Nicholas Loftus, Esq.


                                                     /s/ *Julia Pearce Argentieri*___
                                                     Julia Pearce Argentieri, Esq

                                                     Alexander Nicholas Loftus, Esq.
                                                     Gail Eisenberg, Esq.
                                                     Loftus & Eisenberg, Ltd.
                                                     161 N. Clark, Suite 1600
                                                     Chicago, Illinois 60606

Counsel for Plaintiff

Julia Pearce Argentieri, Esq.
Derek Scott Franklin, Esq.
Jackson Lewis P.C.
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
Telephone: (312) 787-4949
Facsimile: (312) 787-4995
Julia.Argentieri@jacksonlewis.com
Derek.Franklin@jacksonlewis.com
Counsel for Defendants

5

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 21, 2022, I caused the foregoing to be filed with the Clerk of the Court using the Court's CM/ECF system. Notice of this filing will be sent to all counsel of record through the Court's CM/ECF system.

Dated: November 15, 2022                                      /s/*Alexander Loftus*
                                                                               Alexander Nicholas Loftus, Esq.
                                                                               Loftus & Eisenberg, Ltd.