**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| ELIZABETH PEMPEK, on behalf of herself and all other persons similarly situated, known and unknown, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:22-cv-04760 |
| | ) | |
| v. | ) | |
| | ) | |
| HERCULES FORWARDING, INC. and MELANIE BURNHAM, individually. | ) ) | |
| | ) | |
| Defendants. | ) | |

**JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AND DISMISSAL
OF COMPLAINT**

Defendants Hercules Forwarding, Inc. ("Hercules") and Melanie Burnham ("Burnham") (collectively, "Defendants") and Plaintiff Elizabeth Pempek ("Plaintiff") and Opt-In Plaintiffs Michele Kolek and Annette Vanderploeg ("Opt-In Plaintiffs") (with Plaintiff, "Plaintiffs") (Plaintiffs with Defendants, the "Parties"), by and through their respective attorneys, jointly move the Court to approve the settlement entered into by the Parties. In support of this Motion, the Parties state as follows:

1.      Plaintiff filed a Complaint against Defendants alleging violations of the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), and the Biometric Information Privacy Act ("BIPA") arising out of Plaintiff's employment with Hercules. With respect to Plaintiff's claims under the FLSA and IMWL, Plaintiff specifically alleges that she was misclassified as exempt and did not receive overtime pay when she worked more than forty hours in a workweek. (Dkt. No. 1.)

2.      Plaintiff and Defendants engaged in a settlement conference before Magistrate

1

Judge Jeffrey Cummings, which has resulted in the Parties reaching agreement on the terms of a settlement as reflected in the Settlement Agreement and General Release, which is attached hereto as Exhibit 1.

3.      On or about June 30, 2023, the Opt-In Plaintiffs each filed a Notice of Opt-In Consent with the Court through which they became opt-in collective action members to the FLSA claim.

4.      After the Opt-In Plaintiffs filed their Notices of Opt-In Consent, counsel for the Parties were able to reach agreement on the terms of a settlement as reflected in the Settlement and Release Agreement, which is attached hereto as Exhibit 2.

3.      When an employee asserts a claim against her employer or former employer for wages under the FLSA or the IMWL, any settlement of that claim requires a court to review the settlement for fairness. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (FLSA); *Lynn's Food Stores, Inc. v. U.S.*, 679 1350, 1352 (11th Cir. 1982) (FLSA); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (FLSA); *Lewis v. Gioardano's Enterprises, Inc.*, 921 N.E.2d 740, 751 (1st Dist. 2009) (IMWL).

4.      The settlement reached by the Parties is fair to the Plaintiffs.  Although Plaintiffs were classified as exempt from the FLSA and IMWL while employed by Hercules, Hercules recorded Plaintiffs' hours of work so the Parties were able to precisely calculate the overtime pay allegedly due to the Plaintiffs.  The settlement provides that Plaintiffs are paid in full for this amount, along with any liquidated damages and penalties that they could recover under the FLSA and IMWL.

5.       Accordingly, the Parties submit that the payment Plaintiffs will be receiving pursuant to the settlement agreements fairly and reasonably compensates them for relinquishing

their FLSA and IMWL claims that they may have against Defendants.

6.      The Parties submit that the settlement agreements were reached through arms' length negotiations between the Parties, who were all represented by counsel with significant experience with the FLSA and the IMWL.

7.      Lastly, Plaintiff's attorney's fees and costs are reasonable because of the issues presented in this case, and the amount of resources dedicated to analysis and prosecution of Plaintiffs' claims. Counsel's 1/3 contingency fee arrangement with Plaintiffs "is the standard contingent percentage that employment lawyers in the Northern District of Illinois charge individual clients." *Castillo v. Noodles & Co.*, 16-cv-03036 2016 U.S. Dist. LEXIS 178977, *10 (N.D. Ill. Dec. 23, 2016) (approving 1/3 contingency fee on FLSA common fund settlement).

8.      Accordingly, the Parties request the Court approve the settlement agreements as a fair and reasonable resolution of bona fide disputes over wages under the FLSA and the IMWL.

9.      Upon approval of the settlement agreements, the Parties further request the dismissal of the suit, initially without prejudice and converting to one with prejudice within thirty (30) days, with each party to bear its or their own costs and attorneys' fees except as provided for in the settlement agreements.

WHEREFORE, for the foregoing reasons, Plaintiff and Defendants respectfully request that this Court enter an Order: (i) approving the settlement agreements as fair and reasonable resolutions of bona fide disputes under the FLSA and the IMWL, and (ii) dismissing this suit as set forth above and with each party to bear its or their own costs and attorneys' fees except as provided for in the Agreement.

Dated: August 18, 2023                    Respectfully submitted,

ELIZABETH PEMPEK                          HERCULES FORWARDING, INC. and
                                          MELANIE BURNHAM

By: */s/*Ross M. Good                     By: */s/* Jeffrey L. Rudd
Gail S. Eisenberg                         Jeffrey L. Rudd
Alexander Loftus                          Julia P. Argentieri
David A. Eisenberg                        Derek S. Franklin
Loftus & Eisenberg, Ltd.                  Jackson Lewis P.C.
161 N. Clark St., Ste. 1600               150 N. Michigan Ave., Ste. 2500
Chicago, IL 60601                         Chicago, IL 60601
(312) 899-6625                            (312) 787-4949
gail@loftusandeisenberg.com               jeffrey.rudd@jacksonlewis.com
alex@loftusandeisenberg.com               julia.argentieri@jacksonlewis.com
david@loftusandeisenberg.com              derek.franklin@jacksonlewis.com