## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into by and between **Hercules Forwarding, Inc.** and **Melanie Burnham** (referred to throughout this Agreement as "Employer") and **Michele Kolek** ("Plaintiff"). The term "Party" or "Parties" as used herein shall refer to Employer, Plaintiff, or both, as may be appropriate.

1. **Recitals.**

This Agreement is made with reference to the following facts:

(a) On or about September 6, 2022, Elizabeth Pempek ("Pempek") brought an action against Employer, in the United States District Court Northern District of Illinois (the "Court"), captioned as *Elizabeth Pempek v. Hercules Forwarding, Inc. and Melanie Burnham*, Case No.: 22-cv-04760 (the "Lawsuit"). In the Lawsuit, Pempek asserts claims for violation of the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), and the Biometric Information Privacy Act ("BIPA"). Pempek brought her claim under the FLSA on an individual and collective basis, and she brought her claims under the IMWL and BIPA on an individual and class basis;

(b) On or about June 30, 2023, Plaintiff and Annette Vanderploeg ("Vanderploeg") each filed a Notice of Opt-In Consent with the Court through which they became opt-in collective action members to the FLSA claim; and

(c) There has been no determination on the merits of the Lawsuit but, in order to avoid additional cost and the uncertainty of litigation, Plaintiff and Employer have agreed, subject to the provisions in Paragraph 5 below and subject to Pempek and Vanderploeg signing separate settlement agreements, to resolve any and all claims, known and unknown, asserted and unasserted, which Plaintiff has or may have under the FLSA or IMWL against Employer and/or Employer's direct and indirect past, present, and future parent corporation, affiliates, subsidiaries, partners, divisions, predecessors, insurers, reinsurers, professional employment organizations, representatives, successors, and assigns, and their current and former employees, attorneys, officers, owners, members, managers, directors, and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries, both individually and in their business capacities (collectively referred to throughout the remainder of this Agreement as "Releasees") as of the date of execution of this Agreement.

2. **Consideration/Indemnification for Tax Consequences and Liens.**

(a) In consideration for Plaintiff signing this Agreement, Employer agrees to the following:

(i) To pay the total gross sum of SEVEN THOUSAND EIGHT HUNDRED SEVENTY DOLLARS AND THIRTY-FIVE CENTS ($7,870.35) (the "Settlement Payment"), to be paid as follows:

(a) one check made payable to "Michele Kolek" in the gross amount of FIVE THOUSAND NINE HUNDRED TWO DOLLARS AND

1

SEVENTY-SIX CENTS ($5,902.76) less applicable taxes for which Employer shall issue an IRS Form W-2 to Plaintiff; and

(b) one check payable to "Loftus & Eisenberg, Ltd." ("Plaintiff's Counsel") in the amount of ONE THOUSAND NINE HUNDRED SIXTY-SEVEN DOLLARS AND FIFTY-NINE CENTS ($1,967.59) for attorneys' fees and costs for which an IRS Form 1099-MISC shall be issued to each of Plaintiff and Plaintiff's Counsel; and

(b) Plaintiff understands and agrees Employer is providing Plaintiff with no representations regarding tax obligations or consequences that may arise from this Agreement. Plaintiff, for Plaintiff and Plaintiff's dependents, successors, assigns, heirs, executors, and administrators (and Plaintiff's legal representatives of every kind), agrees to indemnify and hold the Releasees harmless for the amount of any taxes, penalties, or interest that may be assessed by any governmental tax authority against any of the Releasees in connection with such governmental authority's determination that Employer or any of the other Releasees was required to, but failed to, withhold or report the correct amount of income or employment taxes from the payments made to Plaintiff or Plaintiff's Counsel pursuant to Paragraph 2(A) of this Agreement other than that contemplated in paragraph 2(A)(i)(a). Plaintiff agrees that Plaintiff shall indemnify the Releasees for the full amount of such liability within thirty (30) days after receipt of notice from Employer or any of the other Releasees of the assessment of such taxes, penalties, or interest.

(c) Plaintiff affirms that, in the event any attorneys or third parties have asserted or assert a hold or lien or other encumbrance or interest in Plaintiff's claims, demands, and causes of action against Releasees, Plaintiff will be responsible for paying any costs and fees associated with and otherwise satisfying that hold or lien or other encumbrance, and will hold Releasees and their attorneys harmless for any costs or fees they incur in association with the hold or lien.

(d) Any and all settlement payments made by check set forth in this paragraph will be delivered to Plaintiff's Counsel at 825 Lake Ave., Wilmette, Illinois, 60091.

3. **No Consideration Absent Execution of this Agreement.** Due to there being a bona fide dispute over wages between Plaintiff and Employer, Plaintiff understands and agrees that Plaintiff would not receive the monies and/or benefits specified in Paragraph 2(a) above, except for Plaintiff's timely execution of this Agreement and the fulfillment of the promises contained herein.

4. **Disbursal of Settlement Funds/Dismissal of Action.**

(a) The settlement payment described in Paragraph 2(a) will be sent within three (3) weeks after the latest of the following have occurred:

(1) counsel for Employer receives a copy of the Agreement signed by Plaintiff;

(2) counsel for Employer receives copies of settlement agreements signed by Pempek and Vanderploeg;

2

(3) counsel for Employer receives an executed W-9 Form from Plaintiff's Counsel; and

(4) The Court enters an order approving the Agreement and dismissing Plaintiff's claims.

### 5. **Release and Related Provisions.**

(a) **Release of Claims.** Plaintiff and Plaintiff's heirs, executors, administrators, successors, and assigns knowingly and voluntarily release and forever discharge Releasees from any overtime and minimum wage claims that Plaintiff has or may have under the FLSA, IMWL, and applicable wage and hour laws as of the date of execution of this Agreement.

(b) **Governmental Agencies.** Nothing in this Agreement prohibits, prevents, or otherwise limits Plaintiff from filing a charge or complaint with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency (*e.g.*, EEOC, NLRB, SEC) or in any legislative or judicial proceeding nor does anything in this Agreement preclude, prohibit or otherwise limit, in any way, Plaintiff's rights and abilities to contact, communicate with or report unlawful conduct to federal, state, or local officials for investigation or participate in any whistleblower program administered by any such agencies. However, to the maximum extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

(c) **Collective/Class Action Waiver.** If any claim is not subject to release, to the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Employer or any other Releasee identified in this Agreement is a party alleging a violation of FLSA or IMWL.

### 6. **Acknowledgements and Affirmations.**

(a) Plaintiff also affirms that Plaintiff has reported all hours worked as of the date Plaintiff signs this Agreement and has been paid and/or has received all compensation, wages, bonuses, commissions, paid sick leave, predictability pay, and/or benefits which are due and payable as of the date Plaintiff signs this Agreement outside of Plaintiff's claims for alleged overtime wages which are being settled and dismissed herein, and Plaintiff has been reimbursed for all necessary expenses or losses incurred by Plaintiff within the scope of Plaintiff's employment. Plaintiff further affirms that Plaintiff has submitted expense reports for all necessary expenses or losses incurred by Plaintiff within the scope of Plaintiff's employment. Plaintiff affirms that Plaintiff has been granted any leave to which Plaintiff was entitled under the Family and Medical Leave Act and state and local leave and disability accommodation laws.

(b) Plaintiff and Employer acknowledge Plaintiff's rights to make truthful statements or disclosures required by law, regulation, or legal process and to request or receive confidential legal advice, and nothing in this Agreement shall be deemed to impair those rights.

### 7. **Submission to the Court for Purposes of Approval of Settlement.** Employer

3

and Plaintiff intend for Plaintiff to waive any and all claims Plaintiff may have against Releasees from the beginning of time up to and including the date on which Plaintiff signs this Agreement under the FLSA or IMWL. Accordingly, Employer and Plaintiff agree to the following:

a. Plaintiff's Counsel will file a Joint Motion for Approval of Settlement and Dismissal of Claims ("Joint Motion") attached to the settlement agreement with Pempek as Exhibit A;

b. In the event the Agreement is reviewed and thereafter rejected by the Court, this Agreement shall be null and void and no payments shall be made pursuant to the Agreement.

**8. Confidentiality.** Plaintiff confirms that prior to the execution of this Agreement, Plaintiff has not revealed the financial terms of the Agreement to any third parties. Except as necessary to obtain approval of this Agreement in accordance with Paragraph 7, Plaintiff agrees not to disclose any information regarding the financial terms of this Agreement except to Plaintiff's spouse, tax advisor, or an attorney with whom Plaintiff chooses to consult regarding Plaintiff's consideration of this Agreement. Plaintiff agrees that in the event Plaintiff discloses the financial terms of this Agreement to Plaintiff's spouse, tax advisor, or attorney, Plaintiff will instruct Plaintiff's spouse, tax advisor, or attorney not to reveal, disseminate by publication of any sort, or release in any manner or means this Agreement or the financial terms thereof (except as may be required by legal process) to any other person or to any member(s) of the public, or to any newspaper, magazine, radio station, television station or any future, current, or former employee, representative, agent, customer, creditor, or competitor of Releasees without the express written consent of Releasees. Plaintiff agrees that confidentiality is the documented preference of Plaintiff and is mutually beneficial to both Parties to this Agreement. Plaintiff also agrees that the consideration in this Agreement includes bargained for consideration in exchange for the promise of confidentiality. This provision shall not be construed to limit Plaintiff's rights under the National Labor Relations Act including, but not limited to, the right to engage in protected concerted activity, including discussing terms and conditions of employment with coworkers, and attempting to improve terms and conditions of employment through channels outside the immediate employee-employer relationship, such as through the National Labor Relations Board.

**9. Governing Law and Interpretation.**

This Agreement shall be governed and conformed in accordance with the laws of Illinois without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either Party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. Should a court declare or find the general release in this Agreement to be unenforceable for any reason, Plaintiff agrees to sign a replacement release in a form that comports with the court's ruling.

### 10. No Admission of Wrongdoing.

The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

### 11. Amendment.

This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement other than when a provision is severed as discussed above.

### 12. Entire Agreement.

This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties, except for any arbitration, intellectual property, noncompete, restrictive covenant, non-solicitation, nondisclosure, or confidentiality agreements between Employer and Plaintiff, which shall remain in full force and effect according to their terms. Plaintiff acknowledges that Plaintiff has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with Plaintiff's decision to accept this Agreement, except for those set forth in this Agreement.

### 13. Counterparts and Signatures.

This Agreement may be signed in counterparts, each of which shall be deemed an original, but all of which, taken together shall constitute the same instrument. A signature made on a faxed or electronically mailed copy of the Agreement or a signature transmitted by facsimile or electronic mail, or which is made electronically, will have the same effect as the original signature.

### 14. Mutual Negotiation.

This Agreement was the result of negotiations between the Parties and their respective counsel. In the event of vagueness, ambiguity, or uncertainty, this Agreement shall not be construed against the Party preparing it, but shall be construed as if both Parties prepared it jointly.

### 15. Third Party Beneficiaries.
All Releasees are third party beneficiaries of this Agreement for purposes of the protections offered by this Agreement, and they shall be entitled to enforce the provisions of this Agreement applicable to any such Releasee as against Plaintiff or any party acting on Plaintiff's behalf.

# Settlement Agreement (Hercules_Kolek) (Execution Copy)

**Final Audit Report**             2023-08-10

| | |
|---|---|
| Created: | 2023-08-10 |
| By: | Gail Eisenberg (gail@loftusandeisenberg.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAgqi2jv7J9PuIR1SC5hUWhvHnhs1T02EV |

## "Settlement Agreement (Hercules_Kolek) (Execution Copy)" History

- 📄 Document created by Gail Eisenberg (gail@loftusandeisenberg.com)
  2023-08-10 - 4:25:59 PM GMT - IP address: 73.74.157.253

- 📧 Document emailed to Michele Kolek (michele.kolek@yahoo.com) for signature
  2023-08-10 - 4:27:56 PM GMT

- 📄 Email viewed by Michele Kolek (michele.kolek@yahoo.com)
  2023-08-10 - 6:12:54 PM GMT - IP address: 104.28.103.23

- ✍️ Document e-signed by Michele Kolek (michele.kolek@yahoo.com)
  Signature Date: 2023-08-10 - 6:23:24 PM GMT - Time Source: server - IP address: 67.115.47.19

- ✅ Agreement completed.
  2023-08-10 - 6:23:24 PM GMT

**Adobe Acrobat Sign**

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into by and between **Hercules Forwarding, Inc.** and **Melanie Burnham** (referred to throughout this Agreement as "Employer") and **Annette Vanderploeg** ("Plaintiff"). The term "Party" or "Parties" as used herein shall refer to Employer, Plaintiff, or both, as may be appropriate.

### 1. Recitals.

This Agreement is made with reference to the following facts:

(a) On or about September 6, 2022, Elizabeth Pempek ("Pempek") brought an action against Employer, in the United States District Court Northern District of Illinois (the "Court"), captioned as *Elizabeth Pempek v. Hercules Forwarding, Inc. and Melanie Burnham*, Case No.: 22-cv-04760 (the "Lawsuit"). In the Lawsuit, Pempek asserts claims for violation of the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), and the Biometric Information Privacy Act ("BIPA"). Pempek brought her claim under the FLSA on an individual and collective basis, and she brought her claims under the IMWL and BIPA on an individual and class basis;

(b) On or about June 30, 2023, Plaintiff and Michelle Kolek ("Kolek") each filed a Notice of Opt-In Consent with the Court through which they became opt-in collective action members to the FLSA claim; and

(c) There has been no determination on the merits of the Lawsuit but, in order to avoid additional cost and the uncertainty of litigation, Plaintiff and Employer have agreed, subject to the provisions in Paragraph 5 below and subject to Pempek and Kolek signing separate settlement agreements, to resolve any and all claims, known and unknown, asserted and unasserted, which Plaintiff has or may have under the FLSA or IMWL against Employer and/or Employer's direct and indirect past, present, and future parent corporation, affiliates, subsidiaries, partners, divisions, predecessors, insurers, reinsurers, professional employment organizations, representatives, successors, and assigns, and their current and former employees, attorneys, officers, owners, members, managers, directors, and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries, both individually and in their business capacities (collectively referred to throughout the remainder of this Agreement as "Releasees") as of the date of execution of this Agreement.

### 2. Consideration/Indemnification for Tax Consequences and Liens.

(a) In consideration for Plaintiff signing this Agreement, Employer agrees to the following:

(i) To pay the total gross sum of THIRTEEN THOUSAND SEVEN HUNDRED NINETY FIVE DOLLARS AND EIGHTY NINE CENTS ($13,795.89) (the "Settlement Payment"), to be paid as follows:

(a) one check made payable to "Anette Vanderploeg" in the gross amount of TEN THOUSAND THREE HUNDRED FORTY SIX

1

DOLLARS AND NINETY TWO CENTS ($10,346.92) less applicable taxes for which Employer shall issue an IRS Form W-2 to Plaintiff; and

(b) one check payable to "Loftus & Eisenberg, Ltd." ("Plaintiff's Counsel") in the amount of THREE THOUSAND FOUR HUNDRED FORTY-EIGHT DOLLARS AND NINETY-SEVEN CENTS ($3,448.97) for attorneys' fees and costs for which an IRS Form 1099-MISC shall be issued to each of Plaintiff and Plaintiff's Counsel; and

(b) Plaintiff understands and agrees Employer is providing Plaintiff with no representations regarding tax obligations or consequences that may arise from this Agreement. Plaintiff, for Plaintiff and Plaintiff's dependents, successors, assigns, heirs, executors, and administrators (and Plaintiff's legal representatives of every kind), agrees to indemnify and hold the Releasees harmless for the amount of any taxes, penalties, or interest that may be assessed by any governmental tax authority against any of the Releasees in connection with such governmental authority's determination that Employer or any of the other Releasees was required to, but failed to, withhold or report the correct amount of income or employment taxes from the payments made to Plaintiff or Plaintiff's Counsel pursuant to Paragraph 2(A) of this Agreement other than that contemplated in paragraph 2(A)(i)(a). Plaintiff agrees that Plaintiff shall indemnify the Releasees for the full amount of such liability within thirty (30) days after receipt of notice from Employer or any of the other Releasees of the assessment of such taxes, penalties, or interest.

(c) Plaintiff affirms that, in the event any attorneys or third parties have asserted or assert a hold or lien or other encumbrance or interest in Plaintiff's claims, demands, and causes of action against Releasees, Plaintiff will be responsible for paying any costs and fees associated with and otherwise satisfying that hold or lien or other encumbrance, and will hold Releasees and their attorneys harmless for any costs or fees they incur in association with the hold or lien.

(d) Any and all settlement payments made by check set forth in this paragraph will be delivered to Plaintiff's Counsel at 825 Lake Ave., Wilmette, Illinois, 60091.

3. **No Consideration Absent Execution of this Agreement.** Due to there being a bona fide dispute over wages between Plaintiff and Employer, Plaintiff understands and agrees that Plaintiff would not receive the monies and/or benefits specified in Paragraph 2(a) above, except for Plaintiff's timely execution of this Agreement and the fulfillment of the promises contained herein.

4. **Disbursal of Settlement Funds/Dismissal of Action.**

(a) The settlement payment described in Paragraph 2(a) will be sent within three (3) weeks after the latest of the following have occurred:

    (1) counsel for Employer receives a copy of the Agreement signed by Plaintiff;

    (2) counsel for Employer receives copies of settlement agreements signed by Pempek and Kolek;

2

   (3) counsel for Employer receives an executed W-9 Form from Plaintiff's Counsel; and

   (4) The Court enters an order approving the Agreement and dismissing Plaintiff's claims.

5. **Release and Related Provisions.**

  (a) **Release of Claims.** Plaintiff and Plaintiff's heirs, executors, administrators, successors, and assigns knowingly and voluntarily release and forever discharge Releasees from any overtime and minimum wage claims that Plaintiff has or may have under the FLSA, IMWL, and applicable wage and hour laws as of the date of execution of this Agreement.

  (b) **Governmental Agencies.** Nothing in this Agreement prohibits, prevents, or otherwise limits Plaintiff from filing a charge or complaint with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency (*e.g.*, EEOC, NLRB, SEC) or in any legislative or judicial proceeding nor does anything in this Agreement preclude, prohibit or otherwise limit, in any way, Plaintiff's rights and abilities to contact, communicate with or report unlawful conduct to federal, state, or local officials for investigation or participate in any whistleblower program administered by any such agencies. However, to the maximum extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

  (c) **Collective/Class Action Waiver.** If any claim is not subject to release, to the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Employer or any other Releasee identified in this Agreement is a party alleging a violation of FLSA or IMWL.

6. **Acknowledgements and Affirmations.**

  (a) Plaintiff also affirms that Plaintiff has reported all hours worked as of the date Plaintiff signs this Agreement and has been paid and/or has received all compensation, wages, bonuses, commissions, paid sick leave, predictability pay, and/or benefits which are due and payable as of the date Plaintiff signs this Agreement outside of Plaintiff's claims for alleged overtime wages which are being settled and dismissed herein, and Plaintiff has been reimbursed for all necessary expenses or losses incurred by Plaintiff within the scope of Plaintiff's employment. Plaintiff further affirms that Plaintiff has submitted expense reports for all necessary expenses or losses incurred by Plaintiff within the scope of Plaintiff's employment. Plaintiff affirms that Plaintiff has been granted any leave to which Plaintiff was entitled under the Family and Medical Leave Act and state and local leave and disability accommodation laws.

  (b) Plaintiff and Employer acknowledge Plaintiff's rights to make truthful statements or disclosures required by law, regulation, or legal process and to request or receive confidential legal advice, and nothing in this Agreement shall be deemed to impair those rights.

7. **Submission to the Court for Purposes of Approval of Settlement.** Employer

3

and Plaintiff intend for Plaintiff to waive any and all claims Plaintiff may have against Releasees from the beginning of time up to and including the date on which Plaintiff signs this Agreement under the FLSA or IMWL. Accordingly, Employer and Plaintiff agree to the following:

   a. Plaintiff's Counsel will file a Joint Motion for Approval of Settlement and Dismissal of Claims ("Joint Motion") attached to the settlement agreement with Pempek as Exhibit A;

   b. In the event the Agreement is reviewed and thereafter rejected by the Court, this Agreement shall be null and void and no payments shall be made pursuant to the Agreement.

**8. Confidentiality.** Plaintiff confirms that prior to the execution of this Agreement, Plaintiff has not revealed the financial terms of the Agreement to any third parties. Except as necessary to obtain approval of this Agreement in accordance with Paragraph 7, Plaintiff agrees not to disclose any information regarding the financial terms of this Agreement except to Plaintiff's spouse, tax advisor, or an attorney with whom Plaintiff chooses to consult regarding Plaintiff's consideration of this Agreement. Plaintiff agrees that in the event Plaintiff discloses the financial terms of this Agreement to Plaintiff's spouse, tax advisor, or attorney, Plaintiff will instruct Plaintiff's spouse, tax advisor, or attorney not to reveal, disseminate by publication of any sort, or release in any manner or means this Agreement or the financial terms thereof (except as may be required by legal process) to any other person or to any member(s) of the public, or to any newspaper, magazine, radio station, television station or any future, current, or former employee, representative, agent, customer, creditor, or competitor of Releasees without the express written consent of Releasees. Plaintiff agrees that confidentiality is the documented preference of Plaintiff and is mutually beneficial to both Parties to this Agreement. Plaintiff also agrees that the consideration in this Agreement includes bargained for consideration in exchange for the promise of confidentiality. This provision shall not be construed to limit Plaintiff's rights under the National Labor Relations Act including, but not limited to, the right to engage in protected concerted activity, including discussing terms and conditions of employment with coworkers, and attempting to improve terms and conditions of employment through channels outside the immediate employee-employer relationship, such as through the National Labor Relations Board.

**9. Governing Law and Interpretation.**

This Agreement shall be governed and conformed in accordance with the laws of Illinois without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either Party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. Should a court declare or find the general release in this Agreement to be unenforceable for any reason, Plaintiff agrees to sign a replacement release in a form that comports with the court's ruling.

4

10. **No Admission of Wrongdoing.**

The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

11. **Amendment.**

This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement other than when a provision is severed as discussed above.

12. **Entire Agreement.**

This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties, except for any arbitration, intellectual property, noncompete, restrictive covenant, non-solicitation, nondisclosure, or confidentiality agreements between Employer and Plaintiff, which shall remain in full force and effect according to their terms. Plaintiff acknowledges that Plaintiff has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with Plaintiff's decision to accept this Agreement, except for those set forth in this Agreement.

13. **Counterparts and Signatures.**

This Agreement may be signed in counterparts, each of which shall be deemed an original, but all of which, taken together shall constitute the same instrument. A signature made on a faxed or electronically mailed copy of the Agreement or a signature transmitted by facsimile or electronic mail, or which is made electronically, will have the same effect as the original signature.

14. **Mutual Negotiation.**

This Agreement was the result of negotiations between the Parties and their respective counsel. In the event of vagueness, ambiguity, or uncertainty, this Agreement shall not be construed against the Party preparing it, but shall be construed as if both Parties prepared it jointly.

15. **Third Party Beneficiaries.** All Releasees are third party beneficiaries of this Agreement for purposes of the protections offered by this Agreement, and they shall be entitled to enforce the provisions of this Agreement applicable to any such Releasee as against Plaintiff or any party acting on Plaintiff's behalf.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

**ANNETTE VANDERPLOEG**

By: *Annette Vanderploeg (Aug 10, 2023 13:09 EDT)*

Date: Aug 10, 2023

**HERCULES FORWARDING, INC.**

By: _____

Date: 8/11/23

**MELANIE BURNHAM**

By: _____

Date: 8/11/23

6